**In re William W. TOY, Petitioner.**

**No. MISC. 758.**

United States Court of Appeals,
Federal Circuit.

June 3, 2004.

Rehearing and Rehearing En Banc
Denied Aug. 31, 2004.

Allen W. Groves, Principal Attorney, C. Clay Haden, of Counsel, Seyfarth Shaw, Atlanta, GA, David L. Newman, Michael R. Levinson, of Counsel, Seyfarth, Shaw, Chicago, IL, John M. Howell, Principal Attorney, Nicholas B. Clifford, Jr., of Counsel, Thompson Coburn, St. Louis, MO, for Respondent.

John P. Fry, Principal Attorney, Keith E. Broyles, John D. Haynes, of Counsel, Alston & Bird, Atlanta, GA, for Petitioner.

Before NEWMAN, LOURIE, and CLEVENGER, Circuit Judges.

### ORDER

LOURIE, Circuit Judge.

William W. Toy petitions for a writ of mandamus to direct the United States District Court for the District of New Jersey to vacate its orders that directed William Toy to produce material that William Toy asserts is protected by the attorney-client privilege. E*Trade Group, Inc. opposes. Scottrade, Inc. submits a letter stating that it joins E*Trade's reply. William Toy replies.

William Toy sued E*Trade and other defendants for infringement of a patent related to a system for monitoring stock market information. Previously, William W. Toy's father, Frank Toy, retained an attorney for the preparation of the patent application. E*Trade sought to compel production of certain documents transmitted to or from the attorney. Specifically, E*Trade sought to compel production of documents that were either copied to William Toy or documents that were solely communications between William Toy and the attorney, on the ground that they were not protected by the attorney-client privilege because William Toy was not a client of the attorney. After an in camera inspection, the magistrate judge granted the request to compel production of the documents. William Toy appealed the magistrate judge's order and the district court denied William Toy's appeal in a lengthy order. William Toy petitions this court for a writ of mandamus to vacate the district

court's order requiring him to disclose the disputed material.

The district court ruled that the attorney-client privilege was vitiated because of William Toy's participation in the communications. The district court specifically rejected William Toy's additional evidence that was not submitted to the magistrate judge, designed to show that William Toy and his father shared a common interest because they had planned to form a company headed by William Toy to exploit the benefits of the patent. Additionally, the district court held that the familial relationship standing alone did not establish a common interest so that they might be considered to share a common interest in the legal advice. The district court also upheld the magistrate judge's findings that William Toy had not met his burden of showing that there was the necessary intent of the parties, at the time the materials were prepared, that they were to be confidential. William Toy challenges these determinations by mandamus.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A writ of mandamus "may be sought to prevent the wrongful exposure of privileged communications." *In re Regents of Univ. of Calif.*, 101 F.3d 1386, 1387 (Fed.Cir.1996).

In *In re Regents*, we held that communications between a client, another party, and an attorney do not necessarily result in vitiation of the attorney client privilege if the parties had a sufficient common interest or community of interest. *Id.*, 101 F.3d at 1389–90. William Toy makes two arguments in this respect, neither of which rise to the level mandating mandamus relief. Regarding William Toy's arguments about the company that he and his father intended to create related to the patent, and how this might show a common interest that would allow him to communicate with his father's attorney without vitiating the attorney-client privilege, William Toy fails to overcome the district court's ruling that such evidence was not timely filed. The remainder of William Toy's petition for a writ of mandamus is a challenge to the district court's determination that William Toy did not establish there was a sufficient common interest solely between William Toy and Frank Toy as son and father to suggest, under *In re Regents*, that they shared a common interest in the attorney's legal advice to Frank Toy. William Toy has not met his burden to obtain mandamus relief on this argument.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.